**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BLISS NETWORK MANAGEMENT, | : | CIVIL ACTION NO. 10-6550 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| HUNTER EMS, INC., et al., | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

The plaintiff, Bliss Network Management ("Bliss"), originally brought this action in New Jersey Superior Court, Ocean County, against the defendants, Hunter EMS, Inc. and Hunter Ambulette-Ambulance, Inc. (collectively, "Hunter"), asserting claims for (1) tortious interference with prospective economic advantage, (2) tortious interference with contractual relations, and (3) injurious falsehood/disparagement. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl. at 3-5.) The defendants removed the action to federal court based upon 28 U.S.C. § ("Section") 1332. (Rmv. Not. at 1-3.) The defendants now move to transfer venue to the United States District Court for the Eastern District of New York or, in the alternative, to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and (3). (Dkt. entry no. 5, Mot. to Transfer Venue.) The plaintiff opposes the motion. (Dkt. entry no. 7, Pl. Br.) The Court determines the motion on the briefs

without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant part of the motion seeking to transfer venue.

## BACKGROUND

Bliss is a citizen of New Jersey and "has been in business for many years as a network provider authorized by insurance companies . . . to arrange ambulance transport services for patients to and from hospitals as well as other medical facilities." (Compl. at ¶ 1.) The defendants are New York corporations in the business of providing ambulance services in the transport of patients to and from hospitals and medical facilities, primarily on Long Island, licensed to provide such services in New York only. (Dkt. entry no. 6, Def. Br. at 1.)

The defendants characterize Bliss as a "broker" of the ambulance-related services the defendants provide, and Bliss and the defendants are parties to "non-exclusive sub-contractor agreements . . . whereby Hunter agreed to provide medical transportation services for the patients of hospitals in New York, when requested by Bliss." (Id.) Empire Blue Cross Blue Shield ("Empire") is a health insurance organization with an office in New York City providing health benefits exclusively to residents of the State of New York, for which Bliss arranges ambulance transport services. (Compl. at ¶ 1; dkt. entry no. 6, Leibowitz Decl. at ¶¶ 34-35.)

Bliss claims that in September 2010, Hunter "began wrongfully usurping Plaintiff's role as the authorized network provider" by writing to Bliss's hospital clients, "advising them that [Hunter] is now a participating Empire Blue Cross Blue Shield Provider" and that the hospitals no longer needed to contact Bliss to order ambulance transport, but rather could now contact Hunter directly. (Compl. at ¶¶ 7-8.) Bliss contends that in making such representations, Hunter "fraudulently omitted that while [Hunter] may now be a participating Empire Blue Cross Blue Shield provider, they still need Empire's authorization to be the provider for the specific transport." (Id. at ¶ 9.)

The defendants now move to transfer venue pursuant to Section 1404(a). (Mot. to Transfer Venue; Def. Br. at 11.) In the alternative, the defendants contend the Complaint must be dismissed (1) for lack of personal jurisdiction over the defendants in New Jersey, pursuant to Rule 12(b)(2), and (2) for improper venue, pursuant to Rule 12(b)(3). (Def. Br. at 16, 26.) The plaintiff requests that the Court deny Hunter's motion, and instead consider transferring the action to this Court's Newark Vicinage. (Pl. Br. at 21.)

**DISCUSSION**

A court may transfer an action pursuant to Section 1404(a) regardless of whether the transferring court has personal jurisdiction over the defendant. See Goldlawr, Inc. v. Heiman,

369 U.S. 463, 466-67 (1962). While the "question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, . . . a court may reverse the normal order of considering personal jurisdiction and venue" when justification exists to address the venue issue first. Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). Where a defendant simultaneously moves for a transfer of venue and challenges the Court's personal jurisdiction, "the interests of judicial economy are best served by initial address of the transfer issue." Dworin v. Deutsch, No. 06-1571, 2006 WL 3095945, at *2 (D.N.J. Oct. 30, 2006). Accordingly, the Court addresses the venue issue first, and because we determine that the defendants have shown that a transfer of venue is appropriate under Section 1404(a), we do not reach the questions of whether Hunter is subject to the exercise of personal jurisdiction of this Court or whether the Complaint should be dismissed for improper venue.

**I.    Legal Standard**

Section 1404 provides for the transfer of an action to a more convenient forum. 28 U.S.C. § 1404(a). Pursuant to Section 1404, "a district court may transfer any civil action to any other district or division where it might have been brought." Id. A court may do so only if the transfer is "in the interest of justice" and "[f]or the convenience of parties." Id.

Transfer is appropriate only when the proposed venue is one in which the action might have originally have been brought. Id. Thus, the Court must make an initial determination that the proposed forum is appropriate. Zapf v. Bamber, No. 04-3823, 2005 U.S. Dist. LEXIS 36379, at *3 (D.N.J. Aug. 26, 2005).

Section 1391 provides the guidelines for determining where venue is appropriate. See 28 U.S.C. § 1391(a). Under Section 1391, venue is proper "in a judicial district where any defendant resides, if all defendants reside in the same State, [or] a judicial district where a substantial part of the events or omissions giving rise to the claim occurred." Id. A defendant that is a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Id. § 1391(c).

If the proposed alternative forum is appropriate, it is then within the Court's discretion to transfer the action. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995). The party seeking to transfer venue bears the burden of demonstrating that transfer is appropriate. Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).

Courts balance private and public interests when deciding whether to transfer venue under Section 1404(a). Jumara, 55 F.3d at 879. Private interests include a plaintiff's choice of forum, a defendant's preference, whether the claim arose elsewhere,

convenience of the parties as indicated by their physical and financial condition, convenience of the witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent that they could not be produced in alternative fora.  Id.; Yocham, 565 F.Supp.2d at 557.

Courts also consider public interests in the Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law.  Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

## II. Application of the Legal Standard

The Court must first determine whether the proposed venue is an appropriate forum for the action, determining whether a "substantial part of the events . . . giving rise to the claim occurred" in the Eastern District of New York or whether the defendant resides in that district.  28 U.S.C. § 1391(a). Although the plaintiff contends that "a substantial part of the events/omissions giving rise to Plaintiff's claims took place in New Jersey," we find that the events giving rise to the plaintiff's claims—specifically, Hunter's sending letters to hospitals advising of Hunter's participating provider status with

6

Empire—occurred on Long Island, not in New Jersey, and venue would therefore be appropriate in the Eastern District of New York.  (Pl. Br. at 15; dkt. entry no. 8, Leibowitz Reply Decl., Ex. 2 (Letter from Hunter to medical facility in Riverhead, New York); Leibowitz Reply Decl. at ¶ 48 (stating that Hunter does not have business relationships with any hospitals, healthcare facilities, or insurance providers located in New Jersey); Def. Br. at 14 ("All of the hospitals are located on Long Island. . . ."); Compl. at ¶¶ 7-9.)  28 U.S.C. § 1391(a)(2).

The defendants, incorporated in New York with their principal places of business on Long Island, are "deemed to reside" in the Eastern District of New York, creating an additional basis for the propriety of the proposed venue.  (Def. Br. at 12.)  28 U.S.C. §§ 1391(a)(1), 1391(c).  The plaintiff does not contend that the action could not have been brought in New York or that it would not be subject to the exercise of personal jurisdiction in the Eastern District of New York.

The defendants still must demonstrate that the Eastern District of New York is the more convenient forum. See Yocham, 565 F.Supp.2d at 557.  The defendants assert that the relevant Jumara factors make transfer appropriate.  (Def. Br. at 12-15.)  They contend that transfer is proper because "all of Plaintiff's causes of action against Defendants arose in the Eastern District."  (Id. at 14.)  The defendants note that a plaintiff's

7

preference is usually given great weight, but argue that "the deference afforded to a plaintiff's choice of forum is reduced when the forum lacks contact with the transactions or conduct from which the cause of action arises." (Id. at 13.) The defendants also assert that the convenience of the parties and witnesses favors a transfer. (Id. at 14.) The plaintiff argues that the Court should deny the motion to transfer based on its preference to adjudicate its claims in New Jersey and that the Court should give deference to its choice. (Pl. Br. at 17.)

The Court, in its broad discretion under Section 1404, finds that transfer is appropriate in this case. The defendants have met their burden of showing that the public and private factors favor transfer to the Eastern District of New York.

**A.  Private Factors**

**1.  Parties' Choice of Venue**

Hunter's choice of venue is the Eastern District of New York, because Hunter is located within the territorial limits of that judicial district, and all of Hunter's employees, witnesses, files, documents, and records are also located there. (Def. Br. at 14.) For similar reasons, the plaintiff's choice of venue is New Jersey, where it is located and does business. (Pl. Br. at 17-18.)

We observe that "a plaintiff's choice of a proper forum. . . should not be lightly disturbed," particularly where the

plaintiff has chosen its home forum. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000). However, a plaintiff's choice is entitled to less deference "when the central facts of a lawsuit occur outside of the chosen forum." Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995). Accordingly, we consider next the location of the events giving rise to the action.

### 2. **Location of Events Giving Rise to the Action**

We find the plaintiff's choice of forum less than compelling in light of the fact that <u>all</u> of the alleged tortious conduct occurred in the Eastern District of New York. "As a general rule, the preferred forum is that which is the center of gravity of the accused activity." <u>NCR Credit Corp. v. Ye Seekers Horizon, Inc.</u>, 17 F.Supp.2d 317, 321 (D.N.J. 1998). Hunter sent the letters at issue from its offices in the Eastern District of New York to hospitals located in the Eastern District of New York. (Def. Br. at 14.) Significantly, the plaintiff has not claimed that any wrongdoing took place in New Jersey. The plaintiff's arguments regarding events occurring in New Jersey all relate to Bliss's dealings with Hunter, not the representations made by Hunter to hospitals in the Eastern District of New York forming the basis for the three causes of action asserted in the Complaint. (<u>See</u> Pl. Br. at 18.) We

9

conclude that this factor weighs heavily enough in favor of transfer to overcome the plaintiff's choice of forum. See Wayne v. Fuji Photo Film USA, Inc., No. 07-5536, 2008 WL 3832406, at *3 (E.D. Pa. Aug. 14, 2008) ("Plaintiff's choice of forum weighs slightly against transfer while defendant's preference and the location where the claim arouse strongly favor transfer."); see also Nat'l Prop. Investors VIII, 917 F.Supp. at 327.

### 3. Convenience of the Parties and Witnesses

The defendants allege that venue in the Eastern District of New York is more convenient for Hunter and for necessary third parties. (Def. Br. at 14.) The defendants contend that "[i]n a case like this that relates to alleged misrepresentations and their impact on the plaintiff's relationship with third parties, these third parties (i.e. the hospitals) will be critical witnesses," and that all of these hospitals are located on Long Island. (Id.) The plaintiff counters that "litigation of this matter in New Jersey is particularly convenient for Plaintiff [because] Plaintiff's documents, as well as their representatives, are all located in New Jersey." (Pl. Br. at 18.)

The convenience of necessary third-party witnesses and the amenability of potential witnesses to compulsory process is a relevant factor for the Court to consider. Nat'l Prop. Investors VIII, 917 F.Supp. at 328 (citing Rule 45(e), which provides that

a non-party may not be held in contempt for failure to obey a subpoena requiring the non-party to travel to a place more than 100 miles from the place the non-party resides). Bliss has not identified any third-party witnesses located in New Jersey, but contends that transfer to the Eastern District of New York will cause great economic hardship by increasing its litigation costs. (Pl. Br. at 19.) However, the plaintiff merely asserts that litigation costs will be "dramatically increased" because its offices and principals are all located in Ocean County and Monmouth County in New Jersey. Presumably, this alleged hardship refers to travel costs; the plaintiff does not specify why or how the cost of litigating in the Eastern District of New York would be significantly greater than litigating in either the Trenton or Newark Vicinage of the District of New Jersey. (See dkt. entry no. 7, Siegel Cert. at ¶¶ 16-18.) The plaintiff does correctly note that, to the extent that necessary third-party witnesses on Long Island might be beyond the 100-mile limit of this Court's subpoena power, such witnesses would be required to respond to subpoenas issued under the authority of the Newark Vicinage. (Pl. Br. at 19-20.)[1]

---

[1] The Court is loath to transfer the action to the Newark Vicinage because (1) the plaintiff has not formally sought such relief before this Court and the Chief Judge, pursuant to Local Civil Rule 40.1(d)-(e), and (2) transfer to the Newark Vicinage would not resolve the defendants' challenge to the exercise of personal jurisdiction over them in New Jersey. The Court suspects that Hunter is not amenable to personal jurisdiction in

11

We conclude that while the convenience of the parties themselves is equally split, the convenience of third-party witnesses, including employees of the hospitals that received the letters from Hunter at issue in this case, as well as the fact that the files, documents, and letters of many of the third parties are located in the Eastern District of New York, weighs in favor of transfer. (Leibowitz Decl. at ¶¶ 55-58.) This consideration merely amplifies the fact, discussed above, that the Eastern District of New York comprises the "center of gravity" for the conduct at issue in the Complaint.

**B.  Public Factors**

The alleged conduct giving rise to the action occurred in the Eastern District of New York. (Compl. at ¶¶ 7-9.) None of the alleged actionable conduct occurred in New Jersey. Thus, the Eastern District of New York is the forum with the more significant connection to the events giving rise to this litigation and, therefore, "has a strong public interest in

---

New Jersey, given that the plaintiff's arguments in favor of such exercise are limited to allegations of Hunter's business dealings with Bliss such as sending bills to Bliss and receiving funds drawn from Bliss's New Jersey bank account, where the intentional acts alleged in the Complaint were taken in New York and aimed at hospitals in New York, and to the extent the "effects" of those actions were felt by Bliss in New Jersey, it is incumbent upon the Court to distinguish between "acts directed at a plaintiff in a forum, which do not create jurisdiction, and acts directed at the forum itself, which do create jurisdiction." Lighting One, Inc. v. Spring City Elec. Mfg. Co., No. 07-736, 2007 WL 2033822, at *3 (D.N.J. July 10, 2007).

12

adjudicating the dispute." Tischio v. Bontex Inc., 16 F.Supp.2d 511, 526 (D.N.J. 1998); see also Jumara, 55 F.3d at 879 (citing the "local interest in deciding local controversies at home"). This fact outweighs Bliss's argument that New Jersey has an interest in providing a forum for its residents to vindicate their rights. (Pl. Br. at 21.)

As for "practical considerations that could make the trial easy, expeditious, or inexpensive," we note that all of Bliss's records and witnesses are located in New Jersey; however, all of Hunter's records and witnesses are located in the Eastern District of New York, as well as those of the hospitals. (Pl. Br. at 18; Def. Br. at 15.) This suggests that trial in the Eastern District of New York would, on the whole, be more efficient, and weighs in favor of transfer. See Wayne, 2008 WL 3832406, at *3 ("While both parties will have witnesses that must travel regardless of [venue], defendant's witnesses will need to travel farther if venue remained with this Court.").

The parties take no position on whether considerations of court congestion or efficiency should have any bearing on the motion. And while they disagree as to whether the common law of New York or New Jersey governs the plaintiff's claims, we agree with the plaintiff that a federal judge sitting in New Jersey would have little difficulty adjudicating a matter involving New York law, and vice versa. (Pl. Br. at 20-21 n.4; Def. Br. 15

13

(arguing that New York law will apply because the subcontractor agreements between Bliss and Hunter have a choice of law clause selecting the law of New York).) These public factors neither weigh in favor of nor against transfer.

We conclude that the public factors, like the private factors discussed previously, weigh overall in favor of transfer.

## CONCLUSION

The Court, for the reasons stated supra, will grant the motion to the extent it seeks transfer to the Eastern District of New York and deny without prejudice the motion to the extent it seeks dismissal for lack of personal jurisdiction or improper venue. The Court will issue an appropriate order.

                      s/ Mary L. Cooper
                      **MARY L. COOPER**
                      United States District Judge

Dated: February 28, 2011